[Civ. No. 10047.   Third Dist.   July 27, 1961.]

GLADYS L. JOHNSON et al., Respondents, v. AMERICAN
CASUALTY COMPANY OF READING, PENNSYL-
VANIA (a Corporation) et al., Appellants.

Lambert and Lemmon for Appellants.

Charles Reagh for Respondents.

WARNE, J. pro tem.*—This is an action for damages arising out of a contract for the removal of a barn. The complaint is framed on two separate causes of action. The first cause of action was directed against defendant American Casualty Company of Reading, Pennsylvania, and alleges that American Casualty Company and defendant John F. Otto (hereinafter referred to as Otto) entered into a bond in favor of plaintiffs, conditioned on faithful performance by Otto of a contract to remove plaintiffs' barn. It was further alleged that Otto did not faithfully perform, but that having commenced removal of the barn, he allowed the barn to be negligently and carelessly secured to temporary foundations in such a manner that it was not sufficiently secure to withstand usual winds, and was blown down causing damage of $5,161.42. It was also alleged that plaintiffs performed all conditions required of them under the terms of the contract.

Plaintiffs' second cause of action, directed solely against Otto, alleges that Otto and plaintiffs entered into a contract whereby Otto was to move a barn, among other things, in consideration of the sum of $10,055. It was alleged that the barn had a value of $5,161.42, and that Otto did not move the barn carefully and prudently, but negligently moved the barn from its foundation and raised the barn onto a temporary base without adequate or proper bracing against the possibility of the barn being blown down by the wind. It is further alleged that as a proximate result of the negligence of Otto, the barn was blown over by the wind, to the damage of plaintiffs in the amount of $5,162.42 [sic].

In their answer to the first cause of action, defendants admitted the making of the bond and denied all other material allegations. In their answer to the second cause of action, defendants denied all allegations. Defendant Otto also filed a cross-complaint alleging an account stated on December 27, 1957, between himself and plaintiffs, according to which plaintiffs owed him $1,500. Otto also alleged an accord and satisfaction by way of cross-complaint. It was alleged that Otto

*Assigned by Chairman of Judicial Council.

had performed under the accord, but that plaintiffs and cross-defendants had failed to comply with the accord by refusing to pay Otto the sum of $1,500.

The action was tried before a jury which returned a verdict in favor of the plaintiffs for the sum of $4,000, and the judgment was entered on the verdict. A motion for a new trial was denied conditionally upon plaintiffs' accepting a deduction of $1,000 from the amount of the judgment. Plaintiffs agreed to this deduction and the judgment was accordingly reduced to the sum of $3,000. The motion for a new trial was denied and defendants have appealed.

The record shows that Otto did contract to move the barn and deliver it in as good a condition as he found it. The evidence is contradictory as to certain facts. One of the plaintiffs testified that the barn was built in 1934, while Otto testified it was 40 years old at the time it was moved. Defendants introduced evidence that the barn was in poor condition, but this was controverted by other testimony which was offered by the plaintiffs. Plaintiffs' witnesses testified that before removal of the barn by Otto the center pillars of the barn were embedded in concrete blocks, but defendants offered evidence showing that the central pillars were originally embedded in a redwood mud sill, running the length of the barn. Plaintiffs' evidence further indicated that at the new site the barn had not been fastened to the ground in any manner. Defendants offered evidence showing that after the barn had been moved, new mud sills had been placed under the columns and the columns were further braced by cross timbers which had been added by Otto.

The force of the wind which caused the destruction of the barn was also disputed. Plaintiffs' witnesses indicated that the wind velocity on the day on which the barn collapsed was between 25 and 35 miles per hour. Defendants offered evidence that the wind was of such force that a brick wall had been blown down and that the wind velocity was approximately 65 miles per hour.

At plaintiffs' request the trial court instructed the jury on the doctrine of res ipsa loquitur as follows:

"It is the claim of the plaintiff that the doctrine of res ipsa loquitor [sic] applies. I therefore instruct you in regard thereto.

"There is a rule of law which has been referred to by counsel in the course of this trial and which lawyers call 'Res ipse

[*sic*] loquitor [*sic*].' These three Latin words when translated mean simply 'The thing speaks for itself.' As applied in this case the rule amounts to this: That when a thing is in the exclusive control of one party and damage to that thing happen [*sic*] and the damage is such as does not usually occur if those who have the control of the thing involved use due care, then the happening of the event furnishes an inferences [*sic*] that the person having such control was negligent.

"If you find that the barn was destroyed while in the control of the defendant, then you are instructed as follows: an inference arises that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence, and if there is none other tending to overthrow it, or if the inference preponderates over contrary evidence, it warrants a verdict for the plaintiff. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the defendant to rebut the inference by showing that he did, in fact, exercise ordinary care and diligence or that the accident occurred without being proximately caused by any failure of duty on his part.

"That is the doctrine of res ipsa loquitur. It of course, as I say, depends on the factual—whether you find that the building was under the exclusive control of the defendant at the time it was destroyed or fell down."

Defendants contend that since there was a serious conflict in the evidence as to whether the damage to the barn was in fact the result of anyone's negligence, the giving of the instruction on res ipsa loquitur was erroneous and constituted prejudicial error. We feel that there is merit in this contention.

In *Kite* v. *Coastal Oil Co.*, 162 Cal.App.2d 336, 344 [328 P.2d 45], the court said: "In order that an inference that defendant was negligent and that his negligence was the proximate cause of an accident, may be drawn from evidence of the occurrence of an accident, three conditions must exist. '(1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' (*Ybarra* v. *Spangard*, 25 Cal.2d 486 at 489 [154 P.2d 687, 162 A.L.R. 1258]; *Salgo* v. *Leland Stanford etc. Board Trustees*, 154 Cal.App.2d 560, 571-572 [317 P.2d 170].) It is only where there is no issue of fact as to the existence of

any of these conditions that the court may, as the court did here, direct the jury to draw the inference. [Citing *Seneris* v. *Haas*, 45 Cal.2d 811 at 823 [291 P.2d 915, 53 A.L.R.2d 124], and other cases]. ■ If the existence of any condition is one of fact it is the province of the jury to determine whether the inference of negligence should be drawn from the facts proved. (Code Civ. Proc., § 1958.)''

■ In the present case there was an issue of fact as to whether the accident, i.e., the destruction of the barn, was of a kind which ordinarily does not occur in the absence of someone's negligence. It cannot be said as a matter of law that the accident was of that kind. The conflicting evidence as to the velocity of the wind, age of the barn, and the foundation utilized, was relevant to that issue. Thus, under the rules stated in the above cases the trial court erred in its instruction to the jury upon the doctrine of res ipsa loquitur.

■ Furthermore, the error was prejudicial. Although the jury might otherwise have resolved the factual question in dispute in favor of plaintiffs, there is no way of telling whether the jury reached its conclusion on the basis of the res ipsa loquitur instruction or not. (*Seffert* v. *Los Angeles Transit Lines,* *(Cal.App.) 9 Cal.Rptr. 192; *Salgo* v. *Leland Stanford etc. Board Trustees,* 154 Cal.App.2d 560, 572-573 [317 P.2d 170].)

Since our conclusion concerning the giving of the instruction on the doctrine of res ipsa loquitur satisfies us that the judgment should be reversed, we deem it unnecessary to discuss the many other contentions made by defendants.

The judgment is reversed.

Peek, Acting P. J., and Schottky, J., concurred.

---

*A hearing was granted by the Supreme Court on January 25, 1961. The final opinion of that court is reported in 56 Cal.2d 498 [15 Cal.Rptr. 161, 364 P.2d 337].